112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. FULLER, Petitioner-Appellant,
v.
Tana WOOD, Superintendent Washington State Penitentiary,
Respondent-Appellee.
 No. 96-35850.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Richard J. Fuller appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for four counts of rape of a child. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 During his incarceration in the Oregon state penitentiary, the state of Washington filed charges against Fuller and lodged a detainer against him under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.App. § 2; Wash.Rev.Code § 9.100.010. Fuller alleges that his rights were violated because he was not promptly notified of the detainer and was not tried within the time prescribed by the IAD. Fuller's claim is not cognizable under section 2254 because he did not register an objection to the trial date based on the IAD at the time the trial date was set and failed to demonstrate prejudice from the alleged violation. Reed v. Farley, 512 U.S. 339, 114 S.Ct. 2291, 2299 (1994) (plurality opinion).
 
 
 4
 We reject Fuller's claims that the district court lacked impartiality and failed to rule on all issues before it.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not address the state's argument that Fuller failed to obtain a certificate of appealability in light of Jefferies v. Wood, 103 F.3d 827 (9th Cir.1996)